IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FRANKLIN LEE JONES,

    Petitioner,

v.                                    CASE NO. 4:11-cv-531-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The petition stems from Petitioner's April 2005 Madison County conviction of attempted second degree murder with a deadly weapon, for which Petitioner is serving a 30-year sentence as a prison releasee reoffender ("PRR"). Respondent has filed a response in opposition to the Petition, Doc. 15, asserting, *inter alia*, that the Petition does not assert cognizable federal claims. Petitioner has filed a reply generally opposing the response. Doc. 22. For the following reasons, the undersigned recommends that the Petition be denied.[1]

**Background and Petitioner's Claims**

The facts underlying the Petition are summarized in the Response, and Petitioner does not dispute the factual accuracy of that summary. Petitioner was charged with attempted first degree murder. The evidence adduced at trial reflects that Petitioner beat and stabbed the victim, his wife. The jury found Petitioner guilty of the lesser

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

included offense of attempted second degree murder with a deadly weapon, which under state law is classified as a first degree felony. App. Exh. F (verdict form); *see* Fla. Stat. §§ 775.087, 782.04(2). Petitioner initially was sentenced to life in prison as a habitual violent felony offender (HVFO) and as a PRR. The First DCA affirmed *per curiam* without opinion. App. Exh. L.

Petitioner successfully pursued postconviction challenges to his sentence. In 2007, the state court found the HVFO sentence to be illegal under state law and resentenced Petitioner to 30 years as a PRR. The First DCA remanded for resentencing because Petitioner had not been represented by counsel at the resentencing hearing. Petitioner, with appointed counsel, was again resentenced on October 22, 2010, to 30 years as a PRR pursuant to Fla. Stat. § 775.082. Petitioner filed a *pro se* notice of appeal, but the appeal was dismissed without prejudice to seeking reinstatement after Petitioner failed to either file the trial court's order of insolvency or pay the appellate filing fee. App. Exh. T, V.

The instant habeas corpus petition, which Respondent concedes is timely, followed. Petitioner asserts two grounds for relief. First, Petitioner contends that he was denied due process when the trial court did not treat the final resentencing as a *de novo* proceeding for purposes of the PRR enhancement but instead relied upon the findings at the original sentencing hearing. Petitioner contends that the sentencing court thereby failed to comply with Fla. Stat. § 775.082(9). Second, Petitioner contends that he was denied due process when the trial court imposed an "illegal 'deadly weapon' reclassification" under the PRR statute because the jury did not make a special factual finding that a weapon was used for purposes of Fla. Stat. § 775.082(1).

## Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted.  *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).  Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered.  *Id*. at 1302, 1306.  A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010).  To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty

beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Respondent asserts that Petitioner's claims are unexhausted because he never sought to reinstate his dismissed appeal to the First DCA following the final resentencing. Doc. 15. In his reply to the response, Petitioner contends that he has filed "motion after motion" seeking an order of insolvency from the trial court in order to exhaust his claims on appeal. Doc. 22. Petitioner's unsupported assertion falls far short of establishing the cause-and-prejudice necessary to gain review of a procedurally defaulted claim. The Court concludes that Petitioner's claims are procedurally defaulted and foreclosed from federal review. Even if the Court were to conclude that Petitioner could overcome the procedural default, the Court in any event concludes that such claims are due to be denied because Petitioner has not presented a cognizable federal habeas corpus claim.

## Scope of Federal Habeas Review

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. *Williams v. Taylor*, 529 U.S. 362, 403-04 (2000). Under section 2254(a), federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Federal courts must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1). "It is not the province of a federal

habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed. 2d 385 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983).

Moreover, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 120-21, 102 S.Ct. 1558, 1568, 71 L.Ed.2d 783 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). A federal writ of habeas corpus is only available in cases of federal constitutional error. *See Jones v. Goodwin,* 982 F.2d 464, 471 (11th Cir.1993); *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir.1990).

The limitation on federal habeas review applies with equal force when a petition, which truly involves only state law issues, is couched in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508. Furthermore, the Eleventh Circuit has stated that "[i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." *Branan,* 861 F.2d at 1508.

## Discussion

A review of the Petition and the state court record reflects that Petitioner's claims are state law claims challenging the application of state sentencing laws; and therefore the claims are not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a); *Engle*, 456 U.S. at 120-21; *Branan*, 861 F.2d at 1508 ("[F]ederal courts cannot review a state's alleged failure to adhere to its own sentencing procedures."). Despite Petitioner's conclusional assertion that his sentence violated federal due process,

Petitioner's claim is not cognizable on federal habeas corpus review because he makes no showing of a federal constitutional violation.  See 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 861 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); *Estelle,* 502 U.S. at 67 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

This Court has consistently rejected similar habeas corpus claims.  See, e.g., *Coley v. McNeil*, 2009 WL 563891 at *2 (N.D. Fla., March 2, 2009).  In *Coley*, the petitioner contended that he was erroneously sentenced as a habitual offender, and because of the error, he was denied due process and equal protection.  *Id.*  This Court concluded that the petitioner was attempting to "couch" his state sentencing claim as one of constitutional error, and found that the petitioner had only presented a state law claim.  *Id.*  Thus, the petitioner's sentencing claim was not cognizable on federal habeas review.  *Id.*; *see also Branan*, 861 F.2d at 1508*; Estelle*, 502 U.S. at 71-72; *Carrizales*, 699 F.2d at 1055; *Jones v. Sec'y Dep't of Corr.*, 2006 WL 2724892 at *3 (M.D. Fla., Sept. 22, 2006) (finding that, because petitioner's claim challenging designation as a habitual offender was a matter of state law, his sentencing claim was not cognizable on federal habeas review).

Even if Petitioner's sentencing claims were cognizable on federal habeas review, the facts alleged do not support Petitioner's claims for relief.  Pursuant to the Florida PRR statute: "'Prison releasee reoffender' means any defendant who commits, or

attempts to commit . . . . b. Murder; c. Manslaughter . . . . within 3 years after being released from a state correctional facility operated by the Department of Corrections . . . following incarceration for an offense for which the sentence is punishable by more than 1 year in this state." Fla. Stat. § 775.082(9). If the state attorney determines that a defendant is a PRR as defined by the statute – a point that Petitioner does not dispute – then the defendant is not eligible for sentencing under Florida's sentencing guidelines but is sentence pursuant to the PRR statute. First degree felonies carry a PRR sentence of 30 years. *Id*. § 775.082(9)(a)3.b.

Petitioner contends that he was denied due process when the trial court did not treat the final resentencing as a *de novo* proceeding for purposes of the PRR enhancement but instead relied upon the findings at the original sentencing hearing. Petitioner contends that the sentencing court thereby failed to comply with Fla. Stat. § 775.082(9). The state court's asserted failure to comply with state sentencing procedures is not a basis for federal habeas relief, and in any event Petitioner has made no showing that the sentence imposed was contrary to the PRR. Petitioner contends that he was denied due process when the trial court imposed an "illegal 'deadly weapon' reclassification" under the PRR statute because the jury did not make a special factual finding that a weapon was used for purposes of PRR sentencing. This claim is refuted by the record, which shows that the jury convicted Petitioner of attempted second degree murder "with a deadly weapon." App. Exh. F.

Accordingly, for the foregoing reasons, the undersigned concludes that the Petition should be denied.

## **Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

In light of the foregoing, it is respectfully **RECOMMENDED** that the Petition for a Writ of Habeas Corpus, Doc. 1, be **DENIED.**

**IN CHAMBERS**  this 21st day of January 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.